## TOLEDO SEED & OIL CO v WEESE

Ohio Appeals, 6th Dist, Lucas Co

No 2608. Decided Jan 25, 1932

Tracy, Chapman & Welles, Toledo, for plaintiff in error.

Deeds & Cole, Toledo, for defendant in error.

LLOYD, J.

As hereinbefore intimated, three petitions were filed by plaintiff, the original petition filed September 14, 1928, a first amended petition filed April 22, 1930 and a second amended petition filed June 18, 1930. In the original petition it is alleged that the defendant is engaged in the manufacture and preparation of castor oil from castor beans; that the process of extracting the oil therefrom leaves a dry and dusty residue which was sold by defendant as an ingredient in fertilizer; that a substantial portion thereof, in the form of a fine and practically invisible dust and noxious exhalations, were wrongfully and unlawfully permitted by the defendant to escape from its plant and to be borne about by and carried upon the air surrounding said plant and the neighborhood wherein it is located. This petition then alleges that from the Spring of 1919 until November, 1926, plaintiff resided about 1,000 yards from the plant of defendant and that during that period of time he was afflicted with asthma because of being compelled to breathe the dust and noxious exhalations so permitted and suffered by defendant to escape from its plant and to be carried about upon the air as aforesaid; that in November, 1926, he moved from his then residence, since which time he suffers no more from asthma and his throat, nose and lungs do not bother him; that the operation of said plant by the defendant and its permitting and suffering said dust and noxious exhalations to escape and be carried about upon the air was a nuisance and was the direct and proximate cause of the injuries and damage of which plaintiff complains.

The first amended petition alleges in substance the same facts, omitting the word "nuisance" and enlarging upon the character of the escaping dust and its effect upon persons susceptible thereto, alleging that "said dust and said substance * * * has been during all said time a deadly poison, noxious and wholly dangerous to the life and health of persons with whom same is brought into contact", and alleging also that the defendant knew or in the exercise of ordinary care would have known that the dust and substances from the castor beans would and did cause asthma and that defendant had continuously, for more than two years, wantonly, negligently and unlawfully permitted the castor bean dust to escape into the atmosphere in large quantities for a radius of a mile or more from its plant.

The second amended petition omitted certain of the allegations of the first amended petition, including the words "wantonly, negligently and unlawfully" which the court had on motion stricken therefrom but otherwise alleged substantially the same facts. The answer of the defendant contains two defenses, the first containing admissions as to the character and location of its manufacturing plant and denying generally all of the other allegations of the petition. The second defense is "that the act complained of by plaintiff occurred in part prior to two years before the date of filing said action and that plaintiff's right to recover any damage sustained by him prior to said time is now barred by law". The inclusion of the word "nuisance" in the original petition or the words "wantonly, negligently and unlawfully" in the first amended petition can neither increase nor diminish the effect of facts alleged therein. The facts being alleged, the law applicable thereto determines whether they do or do not constitute a cause of action as well as the character of the alleged cause of action. Comparing these three petitions filed by plaintiff, it at once becomes apparent that the substantive facts alleged in each are the same and that as alleged they are not unlike those alleged in the petition filed in equity by Erva Nick against this same company, upon hearing wherein this court declared the operation of the plant of defendant to constitute a nuisance. **Nick vs. Toledo Seed & Oil Co, 40 Oh Ap, 147.**

The evidence in the case cited and in the instant case discloses that the escaping dust which during a period of two years had been permitted to escape from the plant of defendant was carried by the air, especially in the direction in which the wind might be blowing, a mile or more therefrom and that it caused those susceptible thereto residing within this radius to become afflicted with asthma. It is argued by counsel that the plant of defendant "was a legitimate manufacturing business lawfully operated" and that in the absence of the exercise of ordinary care in its operation there could be no liability and that the facts alleged in the second amended petition did not state a cause of action based upon either nuisance or negligence. We think it may be said that the manufacture of castor oil is a lawful business but that filling the air with poisonous dust for a radius of one mile from the plant for a continuous period of at least two years which injuriously affected the health of persons residing therein is neither legitimate nor lawful, and that the operation of the plant in the manner and with the effect alleged in the second amended petition does, if proven, constitute a nuisance. The motion for judgment on the pleadings and the demurrer to the evidence were therefore rightly overruled. In passing, it may be suggested that by stipulation of the parties the issues involved were submitted by the court to the jury on the theory that the facts alleged, if proven, constituted a nuisance. This stipulation entered into by counsel for plaintiff and defendant reads as follows:

"It is hereby agreed and stipulated by and between the parties that this case be submitted upon the basis that castor bean dust escaped from the defendant's plant; that people who are sensitive or susceptible to castor bean dust, and who come in contact therewith, may suffer asthma. The question and issues in the case are as to whether plaintiff is susceptible to castor bean dust, as to whether he came in contact with castor bean dust, escaping from defendant's plant, and whether plaintiff suffered asthma due thereto. Evidence on both sides in respect to such questions and issues may be introduced, and those are the only questions for the jury to decide at this time."

We have already stated that the basic facts alleged in the petition, the amended petition and the second amended petition are the same, although differently worded in some respects. From this it follows that the statute of limitations became operative for the period of time fixed therein, antedating the date of the commencement of the action instead of that of the filing of

either the first or the second amended petition.

The evidence discloses that the plaintiff suffered some fifteen or sixteen attacks of asthma. He said an attack lasted "sometimes half an hour or an hour, sometimes all day", but that he lost no time from his work except that one day in 1929 he "went home two or three hours early". He said "I have never had any difficulty breathing" or "an attack of asthma except when I was directly in the path of the wind when it was blowing from The Toledo Seed & Oil Company". The evidence shows that he changed his residence to another part of the city in November, 1926, and that thereafter he suffered with asthma only when passing the plant of defendant or when at work at The Libby-Owens-Ford Glass Company, where he was employed, and which is located in the neighborhood of the plant of defendant, and that he has had no asthmatic attacks since the fore part of March, 1930. The evidence also shows that he incurred expense for medical attention.

An examination and consideration of the evidence convinces the members of this court that, although it does not disclose anything to warrant a finding that the jury was influenced by passion or prejudice in the rendition of the verdict, the verdict is excessive. This court therefore concludes that there should be a remittitur of $700.00 as of the date of the judgment and if the plaintiff consents thereto the judgment of the court of common pleas as modified will be affirmed. Otherwise it will be reversed as manifestly against the weight of the evidence.

RICHARDS and WILLIAMS, JJ, concur.